**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elva E. Damian,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CitiMortgage, Inc. and its successors and assigns; CitiBank N.A., and its successors and assigns; Federal National Home Mortgage Association (Fannie Mae); CSW Financial LLC DBA Titan Wholesale, a Nevada Limited Liability Company; JOHN DOES 1-10; JANE ROES 1-10; ABC CORPORATIONS 1-10; XYZ LIMITED LIABILITY COMPANIES 1-10; and 123 PARTNERSHIPS 1-10,<br><br>　　　　Defendants. | No. CV-13-0379-TUC-RCC (BGM)<br><br>**REPORT AND RECOMMENDATION** |

　　　Pending before this Court is Plaintiff's (Corrected) Motion for Joinder Under Rule 21, F.R.C.P. etc. (or Alternatively Motion to Amend Under Rule 15) and Motion to Remand Case to State Court (Pima Superior Court No. C20130048) (Doc. 10) (hereinafter Motion for Joinder). Plaintiff seeks to join Ms. Stephanie Abcede, the Notary who notarized foreclosure documents authorizing the foreclosure sale of Plaintiff's property, as a Defendant in this matter. Such joinder would destroy diversity jurisdiction of this Court. Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Macdonald for a report and recommendation. The Magistrate recommends the District Court, after its independent

review of the record, grant Plaintiff's motion for joinder and remand the matter to the state court.

## I. Procedural Background

Plaintiff's original complaint was filed in Pima County Superior Court on January 4, 2013. *See* Compl. (Doc. 1-2). On May 24, 2013, Defendants properly removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1332. On June 24, 2013, Plaintiff filed a motion and subsequent corrected Motion for Joinder Under Rule 21, F.R.C.P. etc. (or Alternatively Motion to Amend Under Rule 15) and Motion to Remand Case to State Court (Pima Superior Court No. C20130048) (Docs. 9 & 10). Defendants have opposed Plaintiff's motion asserting Plaintiff's failure to comply with Rule 15, Federal Rules of Civil Procedure, and that Plaintiff cannot meet her burden pursuant to Rule 19(a), Fed. R. Civ. P., regarding joinder. Plaintiff has replied, directly addressing the standard set forth under Rule 19(a).

## II. Joinder of Stephanie Abcede, Former Notary Public[1]

Section 1447(e), 28 U.S.C., provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "[T]he decision regarding joinder of a diversity destroying defendant is left to the discretion of the district court[.]" *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). "In deciding whether to deny joinder of a diversity-destroying party, courts . . . consider[] a variety of factors including: (1) whether the person sought to be joined is needed for just adjudication and would be a necessary party under Rule 19(a); (2) the plaintiff's motive for seeking joinder and whether plaintiff is seeking to add a defendant solely to destroy diversity of citizenship; (3) the delay in seeking to add the new defendant; (4) whether, if joinder is

---

[1] The Court recognizes Plaintiff's failure to comply with the mandates of LRCiv. 15.1 regarding amended pleadings, and the burden that this places on Defendants and this Court. In its discretion, however, the Court will consider Plaintiff's motion for joinder in order to assess its jurisdiction over this cause of action.

1 denied, the statute of limitations would bar an action against the new defendant in state court;
2 (5) the apparent validity of the claim; and (6) any prejudice to the plaintiff if the amendment
3 is denied." *Estate of Harmon ex rel. Patrick v. Avalon Health Care, Inc.*, 2012 WL 6674425,
4 \*3 (D. Ariz.) (citing *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1082 (C.D.Cal. 2011); *Ansley v.*
5 *Metro Life Ins. Co.*, 215 F.R.D. 575, 579-80 (D.Ariz. 2003)).

### *A.     Rule 19(a)*

A party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties" or when a parties' absence will impede its ability to protect its interest or subject a party to a substantial risk of incurring inconsistent obligations. Fed. R. Civ. P. 19(a). A party's "status as a 'necessary' party is not judged by any prescribed formula, but instead 'can only be determined in the context of particular litigation.'" *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991) (quoting *Provident Tradesmen Bank and Trust Co. v. Patterson*, 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968)). "Necessary parties have been described generally, however, as those '[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" *Id.* at 912 (quoting *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139, 15 L.Ed. 158 (1855)) (alterations in original).

Defendants argue that Ms. Abcede is not a necessary party to this litigation. Defs.' Resp. to Pl.'s Mot. for Joinder (Doc. 11) at 4. Defendants rely on district court cases in which employee-agents of the original defendant were found not to be necessary parties to the litigation. *Id.* at 4-5. Plaintiff asserts that Ms. Abcede is a necessary party, because as a notary she can be held personally liable for any false notarization. Pl.'s Reply re: Mot. for Joinder (Doc. 12) at 4. Plaintiff further argues that "[a]llegations that the Deed of Trust statutes were violated, including an allegation that a notary falsely certified a signature, are sufficient to state a claim for relief." *Id.*

The Arizona Supreme Court recognizes that "[n]otaries public must conform their conduct to a defined statutory duty of care." *City Consumer Services, Inc. v. Metcalf*, 161 Ariz. 1, 5, 775 P.2d 1065, 1069 (Ariz. 1989) (upholding jury verdict finding notary public negligent in executing certificate of acknowledgment). The Court finds that Plaintiff's allegations against Ms. Abcede are separate and distinct from those against Defendants, and that such claims arise from the same transaction or occurrence. As such, this factor weighs in favor of joinder.

### B. *Plaintiff's Motive*

"[A] trial court should look with particular care at [Plaintiff's] motive" in seeking to add a diversity-destroying defendant. *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980) (upholding a district court's decision to deny a diversity destroying amendment post removal). Defendants argue that Plaintiff seeking to "simply add Ms. Abcede's name to the existing complaint . . . weighs in favor of finding an improper motive." Defs.' Resp. to Pl.'s Mot. for Joinder (Doc. 11) at 5. Defendants also rely on the fact that the motion for joinder is coupled with a motion for remand, as a clear indication of Plaintiff's desire to have this matter heard in the state court. *Id.* Plaintiff counters that she learned of Ms. Abcede's license suspension "just hours before the Complaint was filed[,]" and did not have a "sufficient opportunity to fully investigate the actions of all potential Defendants[.]" Pl.'s Reply re: Mot. for Joinder (Doc. 12) at 5.

Defendants have not provided any convincing evidence to refute Plaintiff's claims. Because it is unclear that Plaintiff's desire to add Ms. Abcede as a defendant is solely to destroy diversity jurisdiction, this factor weighs in favor of joinder.

### C. *Delay*

Plaintiff alleges that she discovered Ms. Abcede's role in this case immediately prior to filing her Complaint. Pl.'s Reply re: Mot. for Joinder (Doc. 12) at 5. Defendants argue that the six months between Plaintiff's filing of her Complaint and seeking to join Ms. Abcede indicates that her motives are suspect. Defs.' Resp. to Pl.'s Mot. for Joinder (Doc. 11) at 6. Plaintiff counters that there were issues with service, and that Defendants

1 immediately removed the matter from state court. Pl.'s Reply re: Mot. for Joinder (Doc. 12)
2 at 8.

3       The timing of Plaintiff's request for joinder may be questionable in light of the delay
4 between filing her Complaint and seeking the addition of Ms. Abcede. At this point in the
5 litigation, however, very little has occurred. Defendants filed a motion to dismiss in the state
6 court action prior to removal; however, this motion is not fully briefed, nor pending before
7 this Court subject to a decision regarding the Court's jurisdiction. Additionally, a scheduling
8 conference pursuant to Rule 16, Federal Rules of Civil Procedure, has yet to take place and
9 no discovery has occurred. Accordingly, the Court finds that Plaintiff's request is not unduly
10 delayed, thereby supporting joinder.

### D.    *Statute of Limitations*

12       In Arizona, the statute of limitations for negligence or other tort claims is two years.
13 A.R.S. § 12-542. Defendants assert that because Plaintiff's claims are barred by the statute
14 of limitation, joinder should be denied. If Defendants' assertions are correct, however, the
15 denial of joinder would bar Plaintiff from filing a separate state court action. As such, this
16 factor supports joinder.

### E.    *Strength of Claim*

18       Defendants argue that Plaintiff has failed to state a valid claim against Ms. Abcede,
19 in particular that Arizona does not recognize a tort of wrongful foreclosure. Defs.' Resp. to
20 Pl.'s Mot. for Joinder (Doc. 11) at 7; *see Jada v. Wells Fargo Bank, N.A.*, 2011 WL 3267330
21 (D.Ariz.); *Woods v. BAC Home Loans Service, LP*, 2011 WL 2746310 (D.Ariz.). Plaintiff
22 argues that other courts in this district, however, have recognized that Arizona courts have
23 neither recognized nor precluded the tort of wrongful foreclosure and considered the same.
24 Pl.'s Reply re Mot. for Joinder (Doc. 12) at 10; *See Schrock v. Federal Nat'l Mortgage*
25 *Assoc.*, 2011 WL 3348227; *Herring v. Countrywide Home Loans, Inc.*, 2007 WL 2051394
26 (D.Ariz.). Plaintiff further argues that Ms. Abcede's liability extends beyond the tort of
27 wrongful foreclosure.

28

The Court finds that Arizona courts have not squarely rejected the tort of wrongful foreclosure. Additionally, there may be tort-based liability arising from Ms. Abcede's duty as a Notary Public. Therefore, this factor weighs in favor of allowing joinder.

### F. *Prejudice to Plaintiff*

Defendant argues that Plaintiff would not suffer any prejudice if joinder were denied. Defendant asserts that if Plaintiff's claims are valid, she will prevail irrespective of whether Ms. Abcede is joined, that it would be more difficult to collect a judgment against a suspended Notary Public than the corporate defendants currently before the Court, that Ms. Abcede's testimony would be helpful to Plaintiff's claims, and that it is unlikely that Plaintiff would bring a separate claim against Ms. Abcede thereby mitigating any potential "downside" to having to litigate in two forums. Defs.' Resp. to Pl.'s Mot. for Joinder (Doc. 11) at 8-9. Plaintiff argues only that there is a separate pool of bond money "for the purpose of remedying injuries caused by Notaries who abuse their authority." Pl.'s Reply re Mot. for Joinder (Doc. 12) at 10-11.

The Court finds that Plaintiff would be prejudiced by denying joinder. It is unlikely Plaintiff would bring a separate cause of action against Ms. Abcede; however, in light of any concerns regarding the statute of limitations and Ms. Abcede's separate liability this factor favors joinder.

### G. *Conclusion*

Upon consideration of the factors regarding joinder of a diversity-destroying defendant, the Court finds that these weigh in favor of joining, Ms. Abcede. Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Because joinder of Ms. Abcede destroys the diversity jurisdiction of this Court, the case should be remanded to the Superior Court for the State of Arizona, Pima County.

## IV. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) GRANTING Plaintiff's (Corrected) Motion for Joinder Under Rule 21, F.R.C.P. etc. (or Alternatively Motion to Amend Under Rule 15) and Motion to Remand Case to State Court (Pima Superior Court No. C20130048) (Doc. 10); and

(2) REMANDING this case to Pima County Superior Court (Cause # C20130048).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-13-379-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

DATED this 19th day of February, 2014.

_____
Bruce G. Macdonald
United States Magistrate Judge