1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Elva E. Damian,                              No. CV-13-00379-TUC-RCC (BGM)

10                    Plaintiff,                   **ORDER**

11   v.

12   CitiMortgage Incorporated, et al.,

13                    Defendants.

14

15          Before the Court is the February 19, 2014, Report and Recommendation (R&R)

16   from Magistrate Judge Bruce G. Macdonald (Doc. 13) recommending that this Court

17   grant Plaintiffs' (Corrected) Motion for Joinder Under Rule 21, F.R.C.P. etc. (or

18   Alternatively, Motion to Amend Under Rule 15) and Motion to Remand Case to State

19   Court (Pima Superior Court No. C20130048) (Doc. 10).

20          Defendants filed their objections to the R&R (Doc. 14) on March 10, 2014, and

21   requested oral argument. Plaintiff filed a response to the Defendants' objections on

22   March 27, 2014 (Doc. 15). The Court finds this matter suitable for decision without oral

23   argument, and declines Defendants' request

24          For the following reasons, this Court will adopt the Magistrate Judge's findings in

25   the R&R.

26   **I.     BACKGROUND**

27          The factual and procedural background in this case is uncomplicated and is

28   sufficiently detailed in Magistrate Judge Macdonald's R&R (Doc. 13). This Court fully

1    incorporates by reference the "Procedural Background" section of the R&R into this

2    Order.

3    **II.   LEGAL STANDARD**

4            The duties of the district court in connection with a R&R are set forth in Rule 72

5    of the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court

6    may "accept, reject, or modify the recommended disposition; receive further evidence; or

7    return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); 28

8    U.S.C. § 636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his

9    factual findings are clearly erroneous or his legal conclusions are contrary to law. 28

10   U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference

11   by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir.

12   2001).  Where the parties object to a R&R, "[a] judge of the [district] court shall make a

13   de novo determination of those portions of the [R&R] to which objection is made." 28

14   U.S.C. § 636(b)(1); see *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

15   **III.   DISCUSSION**

16           Magistrate Judge Macdonald recommended this Court grant Plaintiff's Motion for

17   Joinder, and, because joinder would destroy the Court's diversity jurisdiction, Judge

18   Macdonald further recommended the Court remand this matter to the state court.

19           When a plaintiff seeks to join a non-diverse defendant to an action removed on the

20   basis of diversity jurisdiction, joinder is governed by 28 U.S.C. § 1447(e). That section

21   provides: "If after removal the plaintiff seeks to join additional defendants whose joinder

22   would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder

23   and remand the action to the state court." 28 U.S.C. § 1447(e). As the Ninth Circuit has

24   observed, the decision to permit joinder of a defendant that destroys diversity jurisdiction

25   is left to the sound discretion of the Court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686,

26   691 (9th Cir.1998).

27           "In deciding whether to deny joinder of a diversity-destroying party, courts . . .

28   consider[] a variety of factors including: (1) whether the person sought to be joined is

needed for just adjudication and would be a necessary party under Rule 19(a); (2) the plaintiff's motive for seeking joinder and whether plaintiff is seeking to add a defendant solely to destroy diversity of citizenship; (3) the delay in seeking to add the new defendant; (4) whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court; (5) the apparent validity of the claim; and (6) any prejudice to the plaintiff if the amendment is denied." *Estate of Harmon ex rel. Patrick v. Avalon Health Care, Inc.*, 2012 WL 6674425, *3 (D. Ariz.) (citations omitted). In the R&R, Judge Macdonald considered each of these factors and determined that the balance weighed in favor of granting Plaintiff's Motion for Joinder.

Because Defendants object to the R&R, the Court will address each of the joinder factors below.

**A. Rule 19(a)**

Pursuant to Federal Rule of Civil Procedure 19(a), "a party is required to be joined when that party's absence interferes with the court's ability to accord complete relief among the existing parties or the parties' absence will impede its ability to protect its interests or would subject any party to the risk of inconsistent results." *Estate of Harmon*, 2012 WL 6674425 at *4. "The standard under Rule 19(a) is met when a party has an interest in the controversy and should be joined so that the court may decide on, and finally determine the entire controversy." *Id.*

Here, Plaintiff seeks to join Stephanie Adcede, a former notary who notarized foreclosure documents authorizing the sale of Plaintiff's property. Plaintiff seeks to bring claims against Ms. Abcede for false notarization and breach of the statutory duty of care.

Magistrate Judge Macdonald found that Plaintiff's claims against Ms. Abcede are separate and distinct from the claims against Defendants, and that the claims arise from the same transaction or occurrence. Judge Macdonald therefore recommended this factor weighs in favor of joinder.

In their objections to the R&R, Defendants argue that "Plaintiff has not claimed that any distinct harm resulted from [Ms. Abcede's alleged breach of her duties] such that

complete relief will be prevented, that Plaintiff's ability to protect her interest will be impaired or impeded, or that Plaintiff will be subject to inconsistent obligations if Ms. Abcede is not joined." (Doc. 14 at 5). Defendants also state that Ms. Abcede merely notarized documents and that her absence will not prevent Plaintiff from obtaining complete relief from the existing Defendants. *Id.* Defendants further allege that "Plaintiff's claims involve her relationship with her lender, CitiMortgage, not the alleged underlying tortious conduct of a notary who notarized a document." *Id.* at 6.  Finally, Defendants argue that denial of Plaintiff's motion will not result in duplicate litigation because Plaintiff's claims against Ms. Abcede are barred by the statute of limitations. *Id.*

The Court rejects Defendants' arguments on this issue. A party is "necessary" if in its absence, meaningful relief cannot be afforded to those who are already joined, thus risking multiple lawsuits on the same issue. *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861 (9th Cir. 2004). Here, Plaintiff seeks to bring claims against Ms. Abcede based on her statutory duty as a notary. The claims against Ms. Abcede arise from the same occurrence as Plaintiff's claims against the current Defendants (the alleged wrongful foreclosure of Plaintiff's property), but the claims against Ms. Abcede are also separate and distinct. Further, if Ms. Abcede is not joined, Plaintiff would have to file a separate lawsuit regarding the breach of duty and false notarization claims. Finally, in this circuit, courts permit joinder even when there is no new or separate cause of action stated against the person to be joined where joinder will help effect complete relief between the parties. *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 783 (9th Cir. 2005).

Defendants also argue that the statute of limitations has already run on Plaintiff's claims against Ms. Abcede. The issue currently before the Court is whether Plaintiff's Motion for Joinder should be granted, not whether Plaintiff's claims against Ms. Abcede are statutorily barred. Plaintiff has not yet filed an amended complaint and it is unclear what claims Plaintiff will assert against Ms. Abcede, and what the time limits on those claims will be. The Court therefore declines to make a finding on the statute of

1   limitations issue.

2       Accordingly, the Court finds Ms. Abcede is a necessary party to afford complete

3   relief of the entire controversy, and this factor weighs in favor of joinder.

4   **B. Plaintiff's Motive**

5       As Judge Macdonald noted in the R&R, "a trial court should look with particular

6   care at [Plaintiff's] motive" in seeking to add a diversity-destroying defendant. (Doc. 13

7   at 4; citing *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376

8   (9th Cir. 1980)).

9       In her Motion for Joinder, Plaintiff claimed that she learned of Ms. Abcede's

10  license suspension hours before filing her complaint, and that she did not have sufficient

11  opportunity to thoroughly investigate the actions of all potential defendants. Defendants

12  countered that adding Ms. Abcede's name to the existing complaint shows improper

13  motive, and that the fact that Plaintiff's motion for joinder is coupled with a motion to

14  remand shows Plaintiff's desire to keep this matter in the state court. Based on these

15  arguments, Judge Macdonald found that Defendants failed to provide sufficient evidence

16  that Plaintiff seeks to join Ms. Abcede solely to destroy this Court's diversity jurisdiction.

17  Judge Macdonald therefore recommended this factor weighs in favor of joinder.

18      In their objections to the R&R, Defendants claim that they have "demonstrated

19  that the timing of the request to add Ms. Abcede is highly suspect." (Doc. 14 at 6).

20  However, while the Court does consider Plaintiff's motive with particular care, and has

21  taken into account Defendants' arguments on this issue, the Court is not convinced that

22  Plaintiff filed her Motion for Joinder for the sole purpose of destroying this Court's

23  diversity jurisdiction. The Court must also consider Plaintiff's statements on this matter,

24  and Plaintiff avers that she did not file her motion for an improper purpose. "The Court

25  declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a

26  non-diverse defendant post-removal." *IBC Aviation Servs., Inc. v. Compania Mexicana*

27  *de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000). Accordingly,

28  this factor weighs in favor of joinder.

**C. Delay**

Here, Plaintiff filed her Motion for Joinder six months after filing her Complaint. Magistrate Judge Macdonald noted that although the delay may indicate Plaintiff's motives are questionable, very little has occurred at this point in the litigation. (Doc. 13 at 5). The Court has not held a scheduling conference in this matter, and no discovery has occurred. Thus, Judge Macdonald concluded that Plaintiff's motion is not untimely delayed, and this factor weighs in favor of joinder.

In their objections to the R&R, Defendants argue that Plaintiff delayed in seeking to join Ms. Abcede because she waited to file the motion until after the case was removed to this Court. It is instructive to look at the timeline of events on this point: Plaintiff filed her action in state court on January 4, 2013. Defendants were served on April 24, 2013, and Defendants removed the action to federal court on May 24, 2013. On June 24, 2013, Plaintiff filed her Motion for Joinder. Considering Plaintiff filed the motion only two months after Defendants were served and one month after Defendants removed the case to this Court, the Court does not agree with Defendants' argument that Plaintiff acted with undue delay. Furthermore, as noted above, the Court has not yet held a scheduling conference in this matter. At the scheduling conference, the Court typically sets a deadline several months out for the parties to move to join additional parties or amend the pleadings. Thus, in light of all these factors, the Court finds Plaintiff's motion was timely filed.

**D. Statute of Limitations**

Defendants argue Plaintiff's Motion for Joinder should be denied because her claims are barred by the statute of limitations. However, Judge Macdonald found that if Defendants are correct, then Plaintiff will be barred from filing a separate state court action against Ms. Abcede. Judge Macdonald therefore found this factor weighs in favor of joinder.

In their objections to the R&R, Defendants argue that Plaintiff's claims against Ms. Abcede would not only be barred in a new action in state court, but that the claims

are also barred in this Court. However, the inquiry for the Court to determine in ruling on Plaintiff's Motion for Joinder is "whether, if joinder is denied, the statute of limitations would bar an action against the new defendant in state court." *Harmon,* 2012 WL 6674425 at *3. Thus, the Court is not required to consider whether Plaintiff's claims against Ms. Abcede would be barred in federal court. The question is whether, if the Court denies Plaintiff's Motion for Joinder, Plaintiff would be barred from bringing a new action against Ms. Abcede in state court. Because it appears that the statute of limitations may prevent Plaintiff from filing a separate action against Ms. Abcede in state court, this factor weighs in favor of joinder. Furthermore, the sole issue before the Court is whether to grant or deny Plaintiff's Motion for Joinder. If Defendants believe Plaintiff's claims are barred based on the statute of limitations, they may properly raise that argument in a motion before the state court.

### E. Strength of Claim

Defendants argue Plaintiff has failed to state a valid claim against Ms. Abcede because Arizona does not recognize a tort of wrongful foreclosure. However, after examining the relevant case law, Judge Macdonald found that "Arizona courts have not squarely rejected the tort of wrongful foreclosure." (Doc. 13 at 6). Judge Macdonald further found that Plaintiff may have additional claims against Ms. Abcede based on her duty as a notary public. Judge Macdonald therefore concluded this factor weighs in favor of joinder.

In their objections to the R&R, Defendants argue that "district courts have consistently granted motions to dismiss based on the fact that Arizona does not recognize a claim for "'wrongful foreclosure.'" (Doc. 14 at 9). While it is true that some district court opinions have rejected wrongful foreclosure claims, other opinions from this district have considered such claims. See e.g. *Schrock v. Fed. Nat. Mortgage Ass'n*, 2011 WL 3348227 (D. Ariz. Aug. 3, 2011); *Hughes v. Wells Fargo Bank, NA*, 2009 WL 5174987 (D. Ariz. Dec. 18, 2009); *Contreras v. U.S. Bank as Tr. for CSMC Mortgage Backed Pass-through Certificates, Series 2006-5*, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009);

*Herring v. Countrywide Home Loans, Inc.*, 2007 WL 2051394 (D. Ariz. July 13, 2007). The Court therefore finds that Plaintiff may in fact have a viable claim for wrongful foreclosure, as there has been no clear decision from the Arizona courts squarely rejecting such claims.

Defendants further argue that "irregular notarization practices have been rejected as the basis of a wrongful foreclosure action." (Doc. 14 at 10). However, regardless of the viability of Plaintiff's wrongful foreclosure claim, Plaintiff also has claims against Ms. Abcede related to the statutory duty of care, which are separate and distinct from the claim for wrongful foreclosure.

Accordingly, the Court finds there is some merit to Plaintiff's claims against Ms. Abcede and this factor therefore weighs in favor of joinder.

## F. Prejudice to Plaintiff

In their response to Plaintiff's motion, Defendants presented a number of arguments as to why denying the motion would not prejudice Plaintiff: 1) if Plaintiff's claims are valid, she will prevail regardless of whether Ms. Abcede is joined, 2) that it would be more difficult for Plaintiff to collect her judgment against Ms. Abcede versus the current corporate defendants, 3) that Ms. Abcede's testimony would be helpful to Plaintiff's claims, and 4) because it is unlikely Plaintiff will file a separate action against Ms. Abcede, there is no potential downside of Plaintiff having to litigate in two forums. (Doc. 13 at 6, *citing* Doc. 11 at 8-9). As to Defendant's argument that it would be more difficult to collect against Ms. Abcede, Plaintiff countered that there is a separate pool of bond money available for claims against notaries who abuse their authority. (Doc. 13 at 6, *citing* Doc. 12 at 10-11).

Judge Macdonald acknowledged that while it might be unlikely that Plaintiff would file a separate action against Ms. Abcede in state court, "in light of any concerns regarding the statute of limitations and Ms. Abcede's separate liability this factor favors joinder." (Doc. 13 at 6).

In their objections to the R&R, Defendants reassert the same arguments presented

- 8 -

in their Response to the Plaintiff's Motion for Joinder.

As noted above, the Court finds Plaintiff's claims against Ms. Abcede are separate and distinct from the claims against the current Defendants. Joinder of Ms. Abcede is necessary to remedy Plaintiff's claims based on Ms. Abcede's statutory duty. The Court will not speculate as to how difficult it may or may not be for Plaintiff to collect judgment against Ms. Abcede, and this factor alone is not sufficient to deny Plaintiff's motion for joinder. The Court also declines to make a finding as to whether Plaintiff's claims against Ms. Abcede are time-barred. However, even if the statute of limitations has not run and Plaintiff could file a separate suit against Ms. Abcede in state court, it would result in two significantly similar lawsuits proceeding in two separate forums, diminishing judicial efficiency and causing significant overlap in discovery. The Court therefore finds that denying joinder would prejudice Plaintiff and this factor thus weighs in favor of granting Plaintiff's motion.

**G. Conclusion**

In the R&R, Judge Macdonald thoroughly discussed the factors regarding joinder of a diversity destroying defendant. Judge Macdonald also considered the arguments presented by the parties, and, after analyzing all of the factors, found that the balance weighs in favor of joinder. "[T]he magistrate judge's decision ... is entitled to great deference by the district court," *Abonce-Barrera*, 257 F.3d at 969, and the Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A).

The Court finds that Magistrate Judge Macdonald thoroughly considered all of the relevant issues and evidence, and that he made a reasoned and well-founded conclusion that Plaintiff's Motion for Joinder should be granted. The Court has considered Defendants' objections, and has made "a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1). The Court finds Defendants' objections unpersuasive and insufficient to overturn the Magistrate Judge's R&R. Accordingly, the Court will adopt Magistrate Judge Macdonald's recommendation to

grant Plaintiff's Motion for Joinder and remand this matter to the state court.

**IV.     CONCLUSION**

     **IT IS ORDERED** that Magistrate Judge Macdonald's Report and Recommendation (Doc. 13) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

     **IT IS FURTHER ORDERED granting** Plaintiff's (Corrected) Motion for Joinder Under Rule 21, F.R.C.P. etc. (or Alternatively Motion to Amend Under Rule 15) and Motion to Remand Case to State Court (Pima Superior Court No. C20130048) (Doc. 10).

     **IT IS FURTHER ORDERED remanding** this case to Pima County Superior Court (Cause # C20130048).

     **IT IS FURTHER ORDERED** the Clerk shall close its file on this matter.

     Dated this 31st day of March, 2014.

Raner C. Collins
Chief United States District Judge